# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1170V
### Filed: February 25, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

AUDREY M. ABBOTT,         *

            Petitioner,    *     Ruling on Entitlement; Concession;

V.                     *     Influenza;

                               *     Shoulder Injury ("SIRVA");

SECRETARY OF HEALTH      *     Special Processing Unit ("SPU")

AND HUMAN SERVICES,       *

            Respondent.    *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Daniel Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN, for petitioner.*
*Robert Coleman, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On October 9, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she experienced a left shoulder injury following administration of her October 24, 2012 influenza vaccination. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 24, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "opines that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration (SIRVA) . . . [and] further agrees that petitioner's SIRVA was caused-in-fact by the influenza vaccination administered in her left arm on October 24, 2012." *Id.* at 5. Respondent further agrees

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that no other cause for petitioner's injury has been identified, that the statutory six month sequela requirement has been satisfied, and that petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master